[No. 20341. In Bank. — January 25, 1888.]

## THE PEOPLE, RESPONDENT, *v.* J. G. CLINE, APPELLANT.

CRIMINAL LAW — DELAY IN TRIAL — DISCHARGE OF DEFENDANT. — A defendant in a criminal prosecution is not entitled to be discharged, under section 1382 of the Penal Code, on the ground that he had not been brought to trial within sixty days after the filing of the information, when the delay of the trial was granted at his own request and for his benefit.

ID. — LARCENY — BONA FIDE PURCHASER OF STOLEN PROPERTY — EVIDENCE. — In a prosecution for larceny, where the evidence of the defendant's guilt consists largely in the fact that he was in possession of the stolen property shortly after the theft, and the defense is that he acquired the property by a *bona fide* purchase from a third person, the testimony of a witness who was present at the time the defendant claimed to have paid for the property is admissible to prove the fact of payment, and also the defendant's declarations made at that time as to the account upon which the payment was made.

ID. — POSSESSION OF PROPERTY RECENTLY STOLEN — WEIGHT OF EVIDENCE — INSTRUCTION. — In a prosecution for larceny, the weight to be given to evidence that the defendant was in the possession of the property recently stolen is one of fact for the jury; and an instruction that such possession, supported by other evidence tending to show guilt, is a strong circumstance tending to show guilt, is erroneous.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. D. Grady,* for Appellant.

*Attorney-General Johnson,* for Respondent.

SEARLS, C. J. — The defendant was convicted of grand larceny.

The information was filed April 22, 1886.

A demurrer was interposed, which was properly overruled, on the eleventh day of June, 1886. The trial did not take place until November 22d of the same year.

At the trial, counsel for defendant moved to discharge the defendant upon the ground that said cause had not

been brought to trial within sixty days after filing the information. The motion was properly denied.

After the demurrer was overruled, the district attorney asked to have the cause set down for trial. This was objected to by counsel for defendant, who thereupon asked that it be not set down, and offered, if the cause was not set down, to waive the time fixed by law for the trial thereof; and thereupon the court refused to fix a day, and it went over.

When, as here, the delay has been granted at the request of defendant, and presumably for his benefit, the objection is entitled to little consideration. The delay was of his own seeking, and is equivalent to a motion on his part for a postponement of the case, and therefore did not entitle him to a dismissal under section 1382 of the Penal Code.

At the trial, defendant offered to prove, by one Frank Serradell, that on the fifth day of February, 1886, at the saloon of one Degan, in Fresno, he paid to one Robles the sum of twenty dollars. The testimony was objected to. Objection sustained, and an exception taken, and the ruling is assigned as error.

The testimony relied upon by the prosecution to prove guilt depended largely, but not wholly, upon the fact that the horse stolen was found in the possession of defendant soon after the theft was perpetrated.

There was evidence tending to show that defendant purchased the animal in question on the fourth day of February, from Robles, for thirty dollars; that he paid ten dollars on account of the purchase, and agreed to pay the residue of twenty dollars the next day, at Fresno; that he took the colt to Owen's ranch, where he worked; that the next day he procured twenty dollars from his employer, mounted the animal, rode it to Fresno, where he placed it in a livery-stable, and proceeded to the saloon of Degan, where he met Robles, and, as he himself testified, in the presence of the witness Serradell, paid to Robles the twenty dollars.

Under these circumstances, the proffered testimony was both material and admissible. It was not only proper to prove the fact of payment, but also defendant's declaration, made at the very time of payment, of the account upon which it was paid.

The credit to be given to the testimony when introduced was quite another thing, and was a question for the jury to determine, but which did not bear upon its admissibility.

It is also urged that the court erred in giving the jury the following instruction:—

"The mere possession of stolen property, recently stolen, is not of itself sufficient evidence to convict. The possession of stolen property, supported by other evidence tending to show guilt, is a strong circumstance tending to show guilt."

In *People* v. *Ah Sing*, 59 Cal. 400, the court below had instructed the jury in language almost precisely similar to the above, and this court reversed the judgment, saying: "Whether the possession was strong evidence or only slight evidence tending to show guilt, was a matter for the jury to pass upon, and not a question for the court to determine." In other words, it is not a question of law, upon which the court should instruct the jury, but one of fact, which is wholly within the province of the latter. In deducing the ultimate fact of guilt or innocence, they are the sole judges of the weight to be given to the probative fact of possession of property recently stolen, and of all the circumstances surrounding and stamping the character of such possession.

For the errors indicated, the judgment and order denying a new trial are reversed, and a new trial ordered.

McFARLAND, J., PATERSON, J., McKINSTRY, J., and TEMPLE, J., concurred.