THE STATE *ex rel.* ENGLISH v. NORMILE, *Judge.*

DIVISION TWO.

1.  **Criminal Practice:** SECOND INDICTMENT : CHANGE OF VENUE. Where, after a change of venue has been granted in a criminal case, a new indictment is found against the defendant in the court from which the case was taken, and the court to which the venue was removed quashes the indictment pending in it, and defendant is rearrested, *mandamus* will not lie to compel the former court to certify the second indictment to the court to which the change of venue was taken.

2.  —— : —— : ——. A change of venue on the second indict-ment could be obtained only by application under the statute.

*Mandamus.*

WRIT DENIED.

MACFARLANE, J.—Relator, Cecil W. English, peti-tions this court for a writ of *mandamus* commanding the respondent as judge of the St. Louis criminal court, to certify a certain indictment found by the grand jury of said city against relator, to the circuit court of St. Louis county, for disposition in that court.

The petition shows that about May 15, 1890, an indictment for murder in the first degree was preferred against relator, by a grand jury of the city of St. Louis ; that afterwards, on the application of relator, a change of venue was granted him, and the case removed to the circuit court of St. Louis county. While the case was still pending in said court and on the sixth day of October, 1891, a grand jury of the city of St. Louis found a new indictment against relator for the same offense of which he was charged in the one then pending.

The said circuit court, having been informed of the preferment of the new indictment, quashed the one pending, and defendant was rearrested and held under the new one, and was taken to the city of St. Louis for trial. Relator afterwards appeared in the St. Louis criminal court, in which said second indictment was pending, and, by motion, asked to have the case transmitted to the circuit court of St. Louis county for trial. This motion was denied, and a writ of *mandamus* is now prayed to require said criminal court to send the case to the said circuit court for trial.

Relator claims the right to a trial in St. Louis county under this second indictment, upon the ground that the prosecution thereunder is for the same offense as that charged in the first, and is but a continuance of the same case or prosecution as that commenced under the original indictment, and the case having been removed to the circuit court of St. Louis county by change of venue is still pending in that court, which alone has jurisdiction over it.

We are not able to adopt that view of the case. When the first indictment was quashed by the circuit court of St. Louis county all jurisdiction of that court over the case ended. It is true the criminal prosecution was continued under the second indictment and in that sense the case was the same as was prosecuted under the first, but the finding of a new indictment did

not operate as an amendment of the pleadings of the pending case, but was a recommencement of the prosecution which could only be done in the court having original jurisdiction of the crime. No provision is made by statute for reinvesting the court with jurisdiction under the second indictment after the first had been quashed. The venue of the cause was fixed by the statute, and a change of that venue could only be effected by a compliance with the provisions of the statutes authorizing a change. In *State v. Patterson*, 73 Mo. 699, the precise question was considered and ruled adversely to the contention of relator.

Relator, to sustain the position taken by him, relies upon the cases of *Ex parte Clay*, 98 Mo. 579, and *State v. Dougherty*, 106 Mo. 182. The only question involved in the first of these cases was one affecting the power and authority of a special judge appointed to try a criminal case. It was held that the finding of a new indictment did not oust the special judge of his authority to try the case. The question of the venue was not considered. In the second case the only question before the court or considered by it was one affecting the limitations of criminal prosecutions, and had no bearing on the question in this case. Neither of these cases conflict in the least with the *Patterson case*, *supra*, which we recognize as controlling. Writ denied. All concur.