THE STATE v. BILLINGS, *Appellant.*

Division Two, June 22, 1897.

1. **Criminal Law**: TRIAL BEFORE END OF SECOND TERM. An indictment was found in Bollinger county, and on application of defendant change of venue was had to Butler county, and at the next term in May was continued by the judge to the adjourned term in July, when a trial was had and the jury disagreed. In September a new indictment charging the same offense was made in Bollinger county, and the cause continued under the general order until the next term in March, and in November the first indictment was quashed in Butler county, and the *capias* under the new indictment was served. At the March term the cause was continued on application of the State, and defendant asked for a discharge on the ground that he had been denied a speedy trial, under the constitutional guarantee of a speedy, public trial and under section 4222, Revised Statutes 1889, providing that the indicted person, if committed to jail, shall be entitled to a discharge unless brought to trial before the end of the second term of the court having jurisdiction of the offense, unless the delay shall be caused by defendant's application or by a want of time to try the cause at said second term. *Held*, under the facts, that the defendant was not entitled to a discharge.

VOL. 140 mo—13

2. **Indictment, Where Found.** No person can be tried for a felony except upon an indictment presented by the grand jury of the county in which the offense was committed.

3. **Pending Indictment:** NEW INDICTMENT: CHANGE OF VENUE. The grand jury of a county in which an offense has been committed has jurisdiction to present a new indictment although another charging the same offense is pending in another county to which defendant's trial has been taken on his application, nor is the defendant deprived of his right to apply for a change of venue under the new indictment.

4. **Twice in Jeopardy.** The plea of former acquittal can not be urged to a trial under an indictment charging murder in the first degree, because on a former trial under another indictment charging the same offense, the court only instructed for murder in the second degree, such former proceeding resulting in a mistrial. (Overruling *State v. Ross*, 29 Mo. 32, on authority of section 23 of article 2 of the Constitution.)

5. **Examination of all State Witnesses.** It is not error for the trial court to refuse to compel the prosecuting attorney to call all the witnesses subpoenaed by the State.

6. **Instructions for Lower Grade of Crime.** A defendant who is indicted for murder in the first degree can not complain because the instructions relate only to a lower grade of murder or manslaughter.

*Appeal from Bollinger Circuit Court.*—HON. JAMES D. Fox, Judge.

AFFIRMED.

*Nalle & Morgan* for appellant.

(1) Appellant's motion for discharge filed September 14, 1896, and also the one filed March 14, of the preceding term, ought to have been sustained. These were the elapsed and existing terms without trial. Four terms held and no trial. There was neither cause nor grounds for the delay. This was not the "speedy trial" prescribed by the Constitution, and fixed by sections 4222, 4223, and 4224, Revised Statutes of Missouri 1889. Defendant was in the jails all the

time.   The plea in abatement ought to have been sustained.   (2)   The second indictment was not to correct error nor defect in the first one, nor to rectify any proceedings touching the accusation, either in the Bollinger or Butler circuit courts, but was the result of the established prejudice, and, as admitted, to deprive appellant of a fair trial before an impartial jury of the county. An impartial jury in Butler county could not find appellant guilty of any offense, and yet the jury in Bollinger county, having the same issues to determine, without much delay, find appellant guilty of the highest grade of the offense they had to pass upon.   The filing of the verified copy of the new indictment in the Butler county circuit court, and the quashing of the old one by that court, gave that court exclusive jurisdiction, for such copy perfected the records therein as the venue for final trial.   (3)   The verdict on appellant's plea of a former acquittal should have been for appellant.   The court and State in the trial in the Butler circuit court, after hearing all the evidence, submitted to the jury the issues of murder in the second degree, manslaughter in the fourth degree and justifiable homicide only.   The jury retired to consider their verdict, returned into court the same day without verdict and was discharged by the court. This operated an acquittal of murder in the first degree at least, and the judgment of *nolle prosequi* in favor of defendant, his discharge with judgment for cost at the November term following and no further prosecution in said county on the copy of indictment filed then or otherwise, for said accusation of murder was a full and complete acquittal even under Constitution and statutes of this State.   Missouri Constitution, art. 2, sec. 22; R. S. 1889, secs. 3952, 3953–4102.   (4)   If appellant could have been indicted at all he must have been re-indicted in Butler county, as the district and county

previously ascertained by law. R. S. 1889, sec. 4167. The qualifying language in the Missouri Constitution ought only to operate so far as it affects his liberty, not otherwise, it would abrogate the jeopardy rule fixed by the United States Constitution, as it effects his life and limb. U. S. Const., art. 5. (5) The State's witnesses indorsed on the indictment and summoned are adverse. It was the right of the defendant to "face" them. The State failing to bring them in to testify, appellant may not be deprived by the State of his right to cross-examine them, and in calling them he does not thereby waive his right to confront them face to face, and subject them to cross-examination. (6) The court's instructions should have given to the jury two issues only, viz., murder in the first degree and justifiable homicide. The evidence heard by the jury tended to establish one or the other of those issues only and not to establish any other.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) The failure to try defendant was not caused by the prosecution, and if done at the instance of defendant or by want of time by the court to try, no exceptions can be taken by defendant. *State v. Nugent*, 71 Mo. 147; R. S. 1889, secs. 4222. It can not therefore be held that defendant was entitled to a discharge. (2) In the event the prosecution had insisted on trial under the first indictment a plea in abatement would have been proper. But not when the prosecution insists on trial under the second indictment. *State v. Vincent*, 91 Mo. 664. The statutes, section 4102, recognizes the right of the State to file a new indictment for the same offense at any time while the first is pending and before the final trial, and the first indictment can not be held

to bar the second.   *State v. Eaton*, 75 Mo. 586.   (3)
Defendant can not complain of trial being had in Bol-
linger county where the inhabitants were, as he claimed,
prejudiced against him.   After the court had granted
a change of venue it was of his own volition that the
order of such change was set aside.   (4) The filing of
the verified copy of the new indictment in the Butler
county court did not give that court jurisdiction of the
case.   Each case must be tried in the county where the
indictment is found, unless removed in a manner pre-
scribed by law.   The new indictment was a separate
and distinct case from the former.   (5) Indictment
must be found in the county where the offense is com-
mitted.   The grand jury of Butler county had no juris-
diction over the offense.   (6) For the reason defendant
was tried on charge of murder in the first degree and
the jury failed to agree upon a verdict he is not on that
account excused from a second trial on the same charge.
*State v. Ross*, 29 Mo. 32;   *State v. Simms*, 71 Mo. 540.
(7) Defendant was not denied the right to face the
State's witnesses and cross-examine them, nor is the
State compelled to examine all witnesses indorsed on
the indictment.   Failure to do so would in no wise
prejudice defendant.   *State v. Eaton*, 75 Mo. 594.

GANTT, P. J.—From a conviction of murder in the
second degree in the circuit court of Bollinger county,
defendant has appealed.

The evidence tends to prove that on the twenty-
fifth day of August, 1894, the defendant and William
H. Smith were in a restaurant kept by one Jesse Lutes
in the town of Lutesville; that a wordy altercation took
place between them; that deceased had an ordinary
barlow knife in his hand which he was using in cutting
some cheese which he was eating.   Defendant arose
and went out into the street or space in front of the

restaurant.   It was a dark, cloudy and rainy night. After defendant went out deceased followed him to the door and while standing in the door or on the platform in front of it a shot was fired which struck deceased and. he immediately fell, exclaiming that he was killed. Defendant was seen standing in front of the restaurant on the street a few minutes after the shooting and admitted doing the shooting.   He had a smoking revolver in his hand and made the remark that he didn't think Smith, the deceased, would follow him again. Smith died the next morning.   The principal plea was that of self-defense; that Smith was a dangerous character and had on several occasions threatened to take defendant's life, and to avoid such threatened danger defendant had shot and killed him.   The motion for a new trial assigned fourteen grounds for setting aside the verdict and discharging the prisoner.   This motion perhaps presents the best order in which the various alleged errors can be considered and determined.   The motion is as follows:

"1.   The court erred in assuming jurisdiction over the person of defendant and over the subject-matter charged in the indictment herein, and in overruling defendant's several pleas and motions filed and submitted to the court at the last term of this court, and in refusing to hear the proofs offered by defendant in support of said pleas and motions and heard by the court at said last term.

"2.   The court erred in overruling defendant's motion to be discharged from further pleading herein, filed at this term, and in refusing to consider the proofs of defendant, offered and by the court heard, on said motion.

"3.   The court erred in permitting over defendant's objection, the jury to hear incompetent, irrelevant and illegal evidence offered by the State, and in exclud-

ing and in refusing to permit the jury to hear competent, relevant and legal evidence offered by the defendant.

"4. The court erred in refusing to permit the defendant to cross-examine the material witnesses on the part of the State whose names were indorsed by the grand jury on the indictment herein and not called by the State to testify herein, and also in refusing to permit defendant to cross-examine the witnesses for the State summoned by the State and not called by the State to testify.

"5. The court erred in compelling defendant on his calling the witnesses aforesaid to examine them in chief as his own, when their names were returned on said indictment and on said summons or subpoenas for the State, as witnesses adverse to and against him.

"6. The court erred in permitting the State to withhold from and not allow the defendant to meet the witnesses against him face to face at and during the trial, and particularly all of those indorsed on the indictment by the grand jury.

"7. The court erred in giving the jury illegal instructions on the part of the State and in refusing to give to the jury proper and legal instructions suggested and offered by the defendant.

"8. The verdict of the jury is against the evidence and the weight of the evidence; against the law and the instructions of the court.

"9. The court erred in failing to give to the defendant a speedy and public trial before an impartial jury.

"10. The court erred in compelling defendant to go to trial before a jury of said county after the court, upon the proofs heard by the court, had adjudged that the inhabitants of said county were prejudiced against him.

"11.   The court erred in that the judge sitting at the trial was, in defendant's application for a change of venue for the trial of defendant upon the first indictment returned herein at the September term, 1894, of which the indictment here is but the same charge of the same offense and in the same language, charged on the oath of the defendant with being prejudiced against defendant.

"12.   The court erred in putting defendant upon his trial on the indictment herein, in that defendant had procured his change of venue for the trial of the offense with which he is charged in the indictment herein, being the same offense contained in the indictment presented at the September term, 1894, of this court, and the court and the State thus wrongfully and illegally deprived the defendant of another change of venue, and of a fair and impartial trial and of an impartial jury to try the issues herein.

"13.   Because the court had no jurisdiction of the person of defendant nor of the subject-matter of the offense charged.

"14.   The court erred in refusing to set aside the change of venue on defendant's application made at the March term, 1895, of this court, and in permitting the State by means of the present indictment to debar defendant of a trial, speedy, public and before an impartial jury in a county wherein the inhabitants were without prejudice."

The motion in arrest is as follows:   "The grand jury who found the indictment had no legal authority to inquire into the offense charged, by reason of not being within the jurisdiction of the court, in that the offense charged was then pending for trial, under and upon a valid indictment found by the grand jury impaneled in and for said Bollinger county at the September term, 1894, of this court, in the circuit court

of Butler county in said State, the said last court having the exclusive jurisdiction of the person and subject-matter. The verdict is insufficient, as well as all of the records of the court preceding said verdict are insufficient to sustain a judgment.''

I.   Having gone through this record we glean that the first, second, twelfth and thirteenth grounds of the motion for new trial relate to the refusal of the circuit court of Bollinger county to sustain the plea in abatement and discharge the prisoner. A rehearsal of the essential facts is necessary to a clear comprehension of the point involved in these assignments.

Defendant was indicted in the Bollinger circuit court at the September term, 1894, and by agreement the cause was continued to an adjourned term in December following. At the instance of the defendant it was then continued to the March term, 1895. At the March term, 1895, of the Bollinger circuit court, on the application of defendant under the law as it then existed, a change of venue was granted to the circuit court of Butler county. Defendant being in custody was transferred to the jail of Butler county, and the transcript was filed in the circuit court of said county. At the first term, to wit, the May term of said court, the cause was continued by that court of its own motion to a day in July of that year. At said adjourned term the defendant was put on trial and the jury disagreed, and the cause was then continued to the next term in November, 1895. In the meantime a new indictment for the same offense had been preferred by the grand jury of Bollinger county at the September term, 1895, of the circuit court and a copy thereof certified to the circuit court of Butler county, and at said November term of the Butler court a motion to quash the first indictment because of the pendency of the second was sustained, and defendant was ordered to be re-

manded to Bollinger county. The cause was continued at the September term of the Bollinger circuit court under the general order, the *capias* not having been served until November 6, 1895, in Butler county. At the March term, 1896, of the Bollinger court defendant was duly arraigned upon the second indictment and the State asked and obtained its first continuance in the case. Upon this state of facts defendant filed his motions for a discharge because he had been denied a speedy, public trial which the Constitution guaranteed him.

Section 4222, Revised Statutes 1889, is a legislative declaration of what would constitute an unreasonable delay. It provides that "if any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense which shall be held after such indictment found, he shall be entitled to be discharged, so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner, or shall be occasioned by the want of time to try the cause at such second term." It will be observed that the only continuance in Bollinger county on the first indictment was procured on application of defendant; that upon his application a change of venue was granted. The mere postponement of the case by Judge Wear in the Butler court at the May term, 1895, to a day in July at the same term was not a continuance beyond the term, and defendant was tried in July, 1895, and the jury disagreed. Up to this time there is not a shadow of any delay save that occasioned by defendant himself. This brings us then to the first term after he was arrested upon the new indictment in Bollinger county, to wit, the March term, 1896. The State then procured a continuance to the September term, at which time he was

tried.   The bare statement of these facts show that the defendant was tried at the second term after the term at which the indictment was found and defendant was apprehended.   Only one continuance was obtained by the State.   The motion for discharge was properly overruled.   *State v. Nugent*, 71 Mo. 147; *State v. Marshall*, 115 Mo. 383.

II.   The plea in abatement presents the next contention of the defendant.   In a few words it is this: He insists that there was no jurisdiction in the grand jury of Bollinger county to find a new indictment against defendant after a change of venue had been granted and the first indictment transferred to Butler county, and even if the grand jury could find the indictment still the cause must remain in Butler county and the filing of the new indictment in the Butler court gave that court exclusive jurisdiction to proceed with the cause and the Bollinger court had no jurisdiction and the plea to its jurisdiction should have been sustained; that if re-indicted at all it must have been in Butler county.   This point was ruled adversely to the prisoner in *State v. Patterson*, 73 Mo. 695.   No person can be tried for a felony except upon an indictment preferred by the grand jury of the county in which the offense is alleged to have been committed.   *Ex parte Slater*, 72 Mo. 102.   While the circuit court of Butler county had jurisdiction of the cause which had been transferred to it, that fact in nowise prevented the grand jury of Bollinger county from finding a new indictment.   As to the complaint that by permitting a second indictment to be found in the county where the crime was committed a party may be deprived of the right to a change of venue at the mere caprice of the prosecuting attorney, it is sufficient to say that if the original cause for change of venue still exists he may renew his application.   *State v. Patterson*, 73 Mo. 695;

*State ex rel. English v. Normile*, 108 Mo. 121. There is nothing in section 4163 which prevents a defendant from obtaining a change of venue on a second indictment. It is to all intents and purposes a new case for the purpose of allowing the defendant his right to plead and to take any other step necessary to his defense. The plea in abatement was correctly decided against defendant.

III.   The plea of former acquittal was based upon the fact that on the trial in the circuit court of Butler county the court only instructed for murder in the second degree and manslaughter, and the jury disagreed and a mistrial was entered. He insists he could never again be put upon trial for murder in the first degree. It was held in *State v. Ross*, 29 Mo. 32, that one indicted for murder in the first degree and put upon his trial and convicted of murder in the second degree and a new trial granted upon his application could not legally be put upon trial again for murder in the first degree. But by article 2, section 23, Constitution of Missouri, that decision is no longer law in this State. A defendant convicted of murder in the second degree under an indictment for murder in the first degree may now be awarded a new trial and when granted he may be again put upon trial for murder in the first degree. *State v. Anderson*, 89 Mo. 312; *State v. Punshon*, 133 Mo. 44.

A plea of *autrefois acquit ex vi termini* pleads a record of a former acquittal. The contention of defendant here is that he was *acquitted by a mistrial* in which the jury could not agree and were discharged. That it was competent for the circuit court of Butler county to discharge the jury there can be no question under the Constitution and laws of this State. Const. of Mo., sec. 23, art. 2; *State v. Jeffors*, 64 Mo. 376; *State v. Copeland*, 65 Mo. 497. By the record intro-

duced there was no acquittal, simply a mistrial. Had defendant been convicted and a new trial granted he could have been again tried for murder in the first degree. By this contention he seeks to have a mistrial adjudged to have a greater efficacy than a conviction followed by a new trial. His argument is predicated upon the fact that the circuit court in that mistrial instructed for murder in the second degree and did not instruct for murder in the first degree. Conceding that if the jury had convicted him of murder in the second degree it would have been an acquittal of murder in the first degree, still no such result follows a failure to make any finding whatever. No record was made or introduced showing an acquittal. The instructions given on that mistrial were no part of the record proper and if they had been would not have created a bar when the case resulted in a mistrial. The case stood as if no trial had been had. The circuit court committed no error in refusing to hold that the mere failure to instruct for murder in the first degree, on a trial in which the jury disagreed, and no verdict was ever rendered, was an acquittal, and a bar to further prosecution on the indictment for murder in the first degree. But defendant was not convicted on this last trial of murder in the first degree. He was convicted on this last trial of murder in the second degree, and as to that grade there is no pretense that defendant was acquitted by the said mistrial.

IV. As to the complaint that the court erred in refusing to compel the prosecuting attorney to call all the witnesses summoned by the State, it is sufficient to say that it was ruled adversely in *State v. Eaton*, 75 Mo. 594, and that ruling has been uniformly followed by this court.

V. The defendant complains of the instructions on any grade below murder in the first degree. While

the defendant might very properly have been convicted of murder in the first degree it does not lie in his mouth to object because the jury convicted him of murder in the second degree. Moreover we think the evidence justified the instructions.

From the premises it follows the judgment of the circuit court must be and is affirmed. SHERWOOD and BURGESS, JJ., concur.