(97 N. W. Rep. 862.)

---

THE STATE OF NORTH DAKOTA EX REL. ADAMS *v.* C. E. LARSON, SHERIFF OF LAMOURE COUNTY.

Opinion filed December 3, 1903.

**The Words "Not Admitted to Bail" Mean that Accused Is Under Commitment for Want of Bail.**

1. The words "not admitted to bail," as used in section 8679, Rev. Codes 1899, mean that the accused has not been discharged on bail, but is in custody under commitment because unable or unwilling to furnish the bail required.

**Prisoner Not Under Bail Will Not Be Discharged, Under Section 8679, When the Delay Is on His Application.**

2. One committed for trial on a criminal charge, not admitted to bail, and not brought to trial at or before the second term of court subsequent to his commitment, will not be released on habeas corpus under section 8679, Rev. Codes 1899, when the delay of trial was upon the application of the prisoner.

**When Court Offers to Summon Jury, and Prisoner Declines the Offer, Delay Is Upon His Application.**

3. The relator was committed for trial upon a criminal charge, and at the second term of the district court thereafter, interposed a plea of not guilty to the information filed against him, whereupon the presiding judge offered to order and have a jury immediately summoned for the trial of his case, no jury being in attendance at this term. Relator's counsel declined the offer. *Held,* that the delay of his trial over the second term of court after his commitment was upon relator's application, and that he was not entitled to discharge, under section 8679, Rev. Codes 1899.

Application by the state on the relation of William W. Adams for writ of habeas corpus to C. E. Larson, sheriff of LaMoure county.

Writ denied.

*T. A. Curtis,* for petitioner.

The petitioner, not having been tried at or before the second term of court after his commitment for want of bail, should be discharged. *Cummins* v. *People,* 34 Pac. Rep. 734; *re Frederick Ber-gerow,* 133 Cal. 513, 56 L. R. A. 513.

*C. N. Frich,* Attorney General, *E. M. Warren,* State's Attorney, and *Nels Larsen,* for the state.

Admission to bail is the order of a competent court or magistrate that the defendant be discharged from actual custody upon an undertaking for his appearance. Rev. Codes, 8443.

Issues of fact in criminal actions must be tried at a regular term of the court in the county in which the case is brought, or to which it has been removed. Rev. Codes, section 7755.

The phrase, "regular term," has reference to a term at which jurors. have been summoned. *State ex rel. Baker* v. *Boucher,* 8 N. D. 277, 78 N. W. Rep. 988.

Unless good cause to the contrary is shown, prosecution must. be dismissed when a person has been held to answer for a public: offense if information is not filed, or indictment found, against him · at the next regular term. Rev. Codes, section 8497.

An order refusing to discharge a prisoner because three terms. of court have passed without his being tried as provided by section 221, Criminal Code of Kansas, is properly made when the defendant has made no effort to be tried. *In re Edwards,* 35 Kan. 99, 10· Pac. Rep. 539.

Defendant must appear and demand trial. *Gallagher* v. *People,.* 88 Ill. 335; *Stewart* v. *State,* 13 Ark. 720; *Watson* v. *People,* 27 Ill.. App. 493; *Roebuck* v. *State,* 57 Ga. 154.

The May term was the first term of court at which an indictment could have been found or information filed against the defendant. The May term should be excluded. *Gillespie* v. *People,* 176 Ill. 238;. 52 N. E. Rep. 250; *Ochs* v. *People,* 124 Ill. 399, 16 N. E. Rep. 662.

The trial court at the September term having offered to summon a jury for the trial of the defendant's case, which offer was declined, brings the action within the exception found in section 8679, Rev. Codes, in the words "unless the delay shall happen on the application of the prisoner."

COCHRANE, J. Two terms of the district court of LaMoure county have been held since petitioner was bound over to answer on a charge of rape. These terms were held at the times fixed by law for the holding of court in this county, but at neither term was a jury ordered or summoned to attend. An information was filed against the petitioner by the state's attorney at the second term after his commitment. He was arraigned upon this information, and entered a plea of not guilty thereto. He made no demand for a trial at this term. He has been held in jail by the respondent, the sheriff of LaMoure county, since commitment, in default of $5,000 bail fixed by the examining magistrate, and which he was unable to give. After the adjournment of the second term of the district court, following his commitment, he sued out a writ of habeas corpus from the district court, to which respondent made due return. The petition and return in all respects complied with the requirements of sections, 8650, 8656, Rev. Codes 1899. On October 16, 1903, a full hearing was had, both sides being represented by counsel. After such hearing, the writ was discharged, and the petitioner remanded to the custody of the sheriff. The district judge made the following findings, upon which said order was based: "That there has been no regular term of court within and for LaMoure county since the commitment of said Adams. At the May and September terms of said court no jury was drawn and in attendance. At the September term an information was filed against said defendant, whereupon he pleaded 'Not guilty.' The judge of said district court thereupon suggested and offered forthwith to summon a jury for the trial of said cause, which offer was declined by the defendant's counsel, T. A. Curtis. For several years past, it has been customary practice to summon a jury for LaMoure county at the winter terms only, and, since all eligible jurors in said county are farmers, it has been inconvenient and impracticable to secure the attendance of jurors during the farming season." Thereafter a petition for a writ was presented to this court. A written stipulation was entered into by counsel that said matter be heard on the application for the writ, upon the petition therefor, and a stipulation as to the facts shown in the return of the writ in the district court, and that a copy of the order of the district court remanding petitioner and discharging the writ, and of the findings upon which such order was based, should, for the purposes of this application, be considered as a part of the respondent's return and answer to

said petition. The statute upon which relator relies reads as follows :. "If any person shall be committed for a criminal or supposed. criminal matter and not admitted to bail, and shall not be tried on or before the second term of the court having jurisdiction of the offense, the prisoner shall be set at liberty by the court, unless. the delay shall happen on the application of the prisoner; if such court at the second term shall be satisfied that due exertions have been made to procure the evidence for and on behalf of the state,. and that there are reasonable grounds to believe that such evidence may be procured at the third term, it shall have power to continue such case till the third term. If any such prisoner shall have been admitted to bail for a crime other than a capital offense, the court may continue the trial of said cause to a third term, if it shall appear by oath or affirmation that the witnesses for the state are absent, such witnesses being mentioned by name, and the court shown wherein their testimony is material." Section 8679; Rev. Codes 1899.

It is first suggested that, petitioner's bail having been fixed at $5,000, he is not within the terms of this statute; that only persons. who have not been admitted to bail are entitled to invoke the protection of the first clause of the section. The words "not admitted to bail," as used in section 8679, Rev. Codes 1899, mean that the accused has not been discharged on bail, but is in custody under commitment because unable or unwilling to furnish the bail. required. Admission to bail is defined as the "order of a competent court or magistrate that the defendant be discharged from actual custody upon an undertaking with sufficient sureties for his appearance." Section 8443, Rev. Codes 1899. The order of discharge cannot be made until the bail has been furnished and accepted. This is the sense in which the expression is used in the statute. Sections 8444, 8450, 7966, 7968, Rev. Codes 1899. This is the sense in which the words are understood by the courts of Illinois and Colorado, where they have dealt with a statute of identical phraseology. *Brooks* v. *People,* 88 Ill. 327; *VanBuren* v. *People* (Colo. App.) 42 Pac. 599. Relator was not admitted to bail, within the meaning of this statute.

The relator does not bring himself within the terms of the statute entitling him to a discharge in this proceeding. This statute puts a legislative construction upon section 13 of the constitution,. by which accused persons are guaranteed a speedy trial. It de-

clares what is a reasonable time within which the prosecuting officers shall bring the accused person to trial. While its object is to secure persons accused against long and oppressive delays in obtaining a trial, it is not its purpose to enable them to escape trial altogether; and persons imprisoned cannot complain when the delay in trial is not due to acts of the court, or of its officers having the prosecution in charge, but is with the consent or upon the application of the accused. See cases cited in note, 56 L. R. A. 513-545. The relator would have been tried at the second term of court after his commitment, had he not declined the offer of the trial judge to forthwith order summoned a jury for the trial of his case. This was a waiver by petitioner of his right to a trial at such term, and was, in effect, a delay upon his application, within the meaning of the statute. *Healey* v. *People* (Ill.) 52 N. E. 426; *People* v. *Matson* (Ill.) 22 N. E. 456; *People* v. *Cline*, 74 Cal. 575, 16 Pac. 391; *People* v. *Benc* (Cal.) 62 Pac. 404; *Steward* v. *State*, 13 Ark. 720; *Ex parte* Walton, 2 Whart. 501.

The writ prayed for is denied. All concur.