## No. 8730.

### LAWSON *v*. THE PEOPLE.

1. PRACTICE—*Venue*—*Change of Trial Judge.* Denial of a petition for a change of the judge presiding, presenting substantially the same facts as that considered in *People ex rel. v District Court*, 60 Colo. 1, *held* error.

2. *Whether a second change allowed.* Under Rev. Stat., secs. 6963, 6964, when the one called is ascertained to be incompetent, not decided. The question not involved in Erbaugh's case. 57 Colo. 48. The right of the accused to an impartial judge is not waived or lost by an application for a change, in an indictment for the same offense, previously pending, in which a *nolle* was entered by the state.

3. A *Nolle prosequi*, leaves the matter of the accusation in the same
condition as before the return of the indictment. Proceedings
had in the matter during the pendency of the indictment can-
not be invoked to the prejudice of the accused, in a later
prosecution.

*Error to Las Animas District Court, Hon. Granby Hillyer,*
*Judge.*

Mr. O. H. DASHER, Mr. FRED W. CLARK, Mr. E. P. COST-
IGAN, Mr. B. F. REED and Mr. HORACE N. HAWKINS, for
plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, Hon. FRED
FARRAR, former Attorney General, Mr. NORTON MONTGOM-
ERY and Mr. FRANK C. WEST, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

UPON February 15, 1915, the then Attorney General filed
an information in the District Court of Las Animas County
in which the plaintiff in error, John R. Lawson (hereafter
called the defendant), and several others, were charged
with the murder of one John Nimmo. The defendant was
granted a separate trial, and on May 3, 1915, a jury found
him guilty of murder in the first degree, and fixed the pun-
ishment at imprisonment for life.

There are two hundred twenty-seven assignments of
error; many of which are argued at length in the briefs.
The present Attorney General has filed a confession of error
as to two of the defendant's assignments of error, and a
statement of reasons therefor. In such case, it appears
to have been the uniform practice of this court to reverse
the case upon his confession of error, without giving it
further consideration. We would do so here, were it not
for the fact that the former Attorney General (who filed
the information and prosecuted the case) filed herein, during
his term of office, a very able and exhaustive brief upon
behalf of the people, in support of the regularity of the con-
viction. In such circumstances, we think it the better prac-
tice to pass upon some of the assignments of error, or one

of them at least, upon which the present Attorney General has confessed error.

It is claimed that the trial court erred in denying the defendant's petition for a change of judges. This is one of the errors confessed by the present Attorney General. The record discloses that on March 4, 1915, an order was entered based on a stipulation that a petition for change of judges filed in another case be considered as filed in this case upon behalf of this defendant. Upon March 9th, following, an order was entered denying the petition for change of judges, and the defendant was forced to proceed to trial before the honorable judge who denied the motion. The substance of this petition for change of venue and the affidavits in support of it, so far as the disqualifications of the judge are concerned, are substantially identical with those in *People ex rel. Burke, et al. v. District Court, et al.,* 60 Colo. 1, 152 Pac. 149, the reasoning in which, when adopted in this case, compels us to hold that it was the duty of the court to have called in another judge and that it was prejudicial error to deny the defendant's petition for change of judges. This matter was thoroughly covered in the former opinion, which involved practically the same facts and the same judge; nothing would be accomplished by going over it again.

The former Attorney General contends, that the right to a change of judges is purely statutory; that our statute provides but for one change of judges, citing *Erbaugh v. The People,* 57 Colo. 48, 140 Pac. 188, as thus holding. He then states that the defendant had been granted such change prior to the consideration of the petition in question; that for this reason the trial court was justified in denying this petition. The defendant denies that he ever made previous application for or secured a change of judges in this action. We deem it unnecessary to pass upon the questions whether our statute limits the changes of judges to one, when the one thus called is ascertained to be incompetent under section 6963, Rev. Stats., 1908, or to determine what was meant by the language used in *Erbaugh v. The People, supra,* as this question was not involved in that case. Neither is it necessary to determine whether the common law rule con-

cerning the disqualification of judges is in force in this jurisdiction.

Counsel concedes, that no previous petition for change of judges was ever filed or acted upon since the information was filed in this case, but claims, that upon account of certain facts alleged to have taken place, as set forth in an affidavit by one of his assistants in resisting the motion for a new trial, that the defendant should be held to have exhausted his right in this respect. The substance of this affidavit is, that upon August 29, 1914, a grand jury returned an indictment against this defendant and a number of others, wherein they were charged with the murder of John Nimmo; that the offense charged in said indictment is the same offense of which defendant has been convicted in this case; that in the former case the defendants, including this defendant, filed a petition for change of judges on the ground of prejudice of Judge McHendrie, the then only judge of said district; that the petition was granted, and another judge called in, but who did not try the case; that thereafter, the Attorney General appeared in said court before Judge McHendrie and entered a *nolle prosequi* in said action, assigning as his reasons that direct informations had been or are about to be filed charging the same offense as the indictment did. The argument is, that the information in this action is but a continuation of the case instituted by the indictment referred to in the affidavit, and that the defendant, having procured one change of judges in the indictment case by disqualifying Judge McHendrie, is not entitled to another change in this case.

We cannot agree with this line of reasoning. In *State ex rel. v. Hocker, Judge,* 34 Fla. 25, at page 29, 15 So. 581, it is said:

"The law which disqualifies a judge who has been of counsel in the case intends that no judge shall preside in a case in which he is not wholly free, disinterested, impartial and independent. The great principle should not have a narrow or technical construction, but should be applied to all classes of cases where a judicial officer is called upon to decide controversies between the people."

In Vol. 10, Encyclopedia of Pleading and Practice, at page 558, it is said:

"A nolle prosequi is not a final disposition of the case and will not bar another prosecution for the same offense. It is not an acquittal, but it is like a nonsuit or discontinuance in a civil suit, and leaves the matter in the same condition in which it was before the commencement of the prosecution."

At page 561, the author says:

"Some doubt and conflict of opinion have existed, as to the right to try the defendant in the same proceeding in which a nolle prosequi has been entered, though from the cases in which the point was directly involved, as well as from the tenor of the authorities generally upon the effect of a nolle prosequi as a bar, as hereinbefore set out, the general rule seems to be that a new prosecution may be instituted, but the nol. pros. puts an end to the one in which it is entered."

In Bishop's New Criminal Procedure, Vol. 2 (2nd ed.), Section 1395, in commenting upon the effect of *nolle prosequi*, it is said:

"Its Effect.—We see, therefore, that a *nolle prosequi* during trial bars a subsequent prosecution for the same offense, whether on the same or another indictment. *A fortiori* it does when entered between the verdict and the sentence. Entered before trial, it, and the proceeding it discontinues, are no impediment to a subsequent prosecution for the same offence. It simply puts an end to the particular indictment, count, or part of a count to which it is applied, without prejudice to new proceedings; but the part or whole of the present proceeding which has been reached by it cannot be revived. In the language of an old case, 'the king cannot afterwards proceed in the same suit, but he may begin anew.' "

In *State v. Billings*, 140 Mo. 193, 41 S. W. 778, in commenting upon this subject and the statutes concerning it, at page 204, the supreme court of Missouri says:

"There is nothing in section 4163 which prevents a de-

fendant from obtaining a change of venue on a second indictment. It is to all intents and purposes a new case for the purpose of allowing the defendant his right to plead and to take any other step necessary to his defense."

We are in accord with the foregoing authorities and are of opinion for the purposes intended by our statutes pertaining to the disqualifications of judges, that the filing of this information was the institution of a new suit. The indictment was by a grand jury. When the *nolle prosequi* was entered, that case was at an end. Any other conclusion might, in certain cases, defeat the object which the statute seeks to accomplish, if the defendant is entitled to but one change of judges. This was practically the effect here. To illustrate, the indictment came before one of the local judges, he was disqualified and called another from the outside. This latter judge, however, did not try the case. Thereafter, it was dismissed, and still later on this information was filed by permission of the already disqualified judge in the former case. This case came on for trial before the other local judge who the defendant showed was disqualified. To hold that he could try the case because the defendant had secured a change of judges in the other case, would be to say that where a defendant secures a change from one judge account of disqualification and another is called in, that the Attorney General or District Attorney could defeat the defendant's statutory right by dismissing the former case, and thereafter file an information before another disqualified judge. With this we cannot agree. For the purpose of this act, the distinction between the two cases is plain. As this ruling necessitates a reversal of the judgment, it is unnecessary to consider the other assignment of error confessed by the present Attorney General, or any of the others.

The judgment is reversed.                    *Reversed.*

Decision *en banc.*

Mr. Justice Garrigues concurs in the reversal of the judgment on the sole ground that the Attorney General has confessed error.