PEOPLE, PLAINTIFF AND APPELLEE, *v.* MALLENS, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Guayama in a Prosecu-
tion for Libel.

No. 1311.—Decided May 29, 1919.

INFORMATION—MISDEMEANOR—COMMITMENT.—Pursuant to the act of May 30,
1904, amending section 145 of the Code of Criminal Procedure, the fact that
a justice of the peace had not committed the accused before the information
for a misdemeanor was filed is no ground for quashing the information on
the defendant's motion.

DISMISSAL OF PROSECUTION.—When the cause is set for trial within the 120 days
referred to in subdivision 2 of section 448 of the Code of Criminal Procedure,
but is continued on the defendant's motion and the trial is held after the
expiration of the period, the defendant is not entitled to a dismissal.

LIBEL.—The defendant in this case was charged with having published the fol-
lowing, among other things, in a printed handbill: "* * * two unfortu-
nate laborers were also victims of the horrible massacre perpetrated by the
*heroes* in the service of the interests protected by the Governor''; and
"* * * that the Governor allows his myrmidons to perform their work
of extermination on a defenseless people''; and "once more the tyranny
of capitalism receives the decided support of the Governor and the prole-
tarian victims are driven to suicide, slaughtered by the police, tortured and
annihilated without pity. The Governor has promised and given his protec-
tion to the steamship companies and to the Chamber of Commerce so that
they might reduce the striking laborers to impotence. From that moment
the plot against the strikers acquired sufficient strength and as a final con-
sequence there the trails of horrible crimes are fuming." *Held:* That the
expressions quoted ascribe acts to the Governor of this Island which tend to
impugn his integrity and honesty, exposing him to public contempt.

ID.—COMPLAINT.—It is not necessary to transcribe into an information all of the
handbill, book, or newspaper containing the libelous matter. It is sufficient
to copy therein that part upon which the information is based.

ID.—PLEADING.—The prosecution is not obliged to allege or prove that the libel-
ous words had been held to be such by the judgment of any court.

The facts are stated in the opinion.

*Messrs. F. Cervoni Gely* and *Antonio Trujillo* for the ap-
pellant.

*Mr. Salvador Mestre, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

According to the statement of the case, the defendant,
appellant here, moved for the dismissal of the prosecution
for the reason that it did not appear that a warrant of arrest
had been issued, and the motion was overruled. That ruling
is alleged to be erroneous.

Although section 145 of the Code of Criminal Procedure
of 1902 provided that the court must quash the information on
the defendant's motion when, among other cases, the offense
charged is a misdemeanor and the defendant had not been
committed by a justice of the peace before the information
was filed, nevertheless, when this section was amended by
the Act of May 30, 1904, Session Laws of 1905, page 16, this
cause for quashing the information was suppressed.

The defendant also moved that the prosecution be dis-
missed pursuant to subdivision 2 of section 448 of the Code
of Criminal Procedure, because more than one hundred and
twenty days had elapsed between the filing of the informa-
tion and the trial.

The information was filed on May 28 and on June 4, fol-
lowing, the defendant moved for a continuance and the trial
was later held on October 22.

The lower court did not err in overruling the motion for
dismissal, because a day was set for the trial within the one
hundred and twenty days fixed by subdivision 2 of said sec-
tion 448 and the trial was not held within that time because
a continuance was granted on the defendant's motion.

Failure to bring to trial a defendant charged with a crime
within the time fixed by law does not entitle him to be dis-
charged if the delay is caused by the defendant himself, or

through his fault, or with his consent. In such a case he cannot claim that he has been denied a speedy trial. *In Re Begerow,* 85 Am. St. Rep. 178. The following citations are taken from notes on page 195: *Ex parte Cox,* 12 Tex. App. 665; *McGwire* v. *Wallace,* 109 Ind. 284, 10 N. E. 111; *People* v. *Matson,* 129 Ill. 591, 22 N. E. 456; *State* v. *Billings,* 140 Mo. 193, 202, 41 S. W. 778; *People* v. *Cline,* 74 Cal. 575, 16 Pac. 391.

The third question raised by the appellant is that the lower court erred in overruling his demurrer to the information on the ground that the facts therein stated do not constitute a public offense.

We have read the paragraphs transcribed in the information from the handbill which the defendant is charged with having circulated. We shall not quote here all of these paragraphs, but will say that their contents are of such a nature as actually to impute to the Governor of this Island acts which tend to impugn his integrity and honesty and expose him to public contempt, for in narrating certain occurrences which are said to have taken place in the ward of Puerta de Tierra of this city on March 23, 1917, as a result of which, it is said, a man and a woman were killed and "two unfortunate laborers were also victims of the horrible massacre perpetrated by the heroes in the service of the interests protected by the Governor," it goes on to say "that the Governor allows his myrmidons to perform their work of extermination on a defenseless people" and that "once more the tyranny of capitalism receives the decided support of the Governor and the proletarian victims are driven to suicide, slaughtered by the police, tortured and annihilated without pity. The Governor has promised and given his protection to the steamship companies and to the Chamber of Commerce so that they might reduce the striking laborers to impotence. From that moment the plot against the strikers acquired sufficient strength and as a final consequence there

the trails of horrible crimes are fuming.'' *People* v. *Colberg,* 24 P. R. R. 630.

The appellant also maintains that the information is insufficient because it does not appear whether all of the printed handbill was transcribed therein or only a part.

It is not necessary to transcribe into an information all of the handbill, book, or newspaper containing libelous matter, but it is sufficient to copy that part upon which the information is based. *State* v. *Barnes,* 32 Mo. 530; 25 Cyc. 518; *United States* v. *Callender,* Fed. Cas. No. 14709, 32 Am. Digest, 2468; *Commonwealth* v. *Wright,* 55 Mass. (1 Cush.) 46; 32 Am. Digest, 2468.

Lastly, it was shown by the testimony of Serafín Díaz that the defendant handed to him and distributed the printed handbill containing the libelous matter mentioned in the information, and the prosecution is not obliged to prove, as seems to be the theory of the defense, that the libelous words had been held to be such by the judgment of any court.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.