## El Pueblo, Demandante y Apelado, *v.* Mallens, Acusado y Apelante.

## Apelación procedente de la Corte de Distrito de Guayama en causa por libelo.

No. 1311.—Resuelto en mayo 29, 1919.

Desestimación de la Acusación en Misdemeanor—Arresto del Acusado—Artículo 145 del Código de Enjuiciamiento Criminal.—De acuerdo con la ley de mayo 30, 1904, enmendatoria del artículo 145 del Código de Enjuiciamiento Criminal, actualmente no es motivo para que se desestime la acusación a instancia del acusado, el hecho de que antes de formularse la acusación por un delito menos grave (*misdemeanor*) no hubiera un juez de paz ordenado la prisión del acusado.

Sobreseimiento de la Causa—Artículo 448 del Código de Enjuiciamiento Criminal—Término para la Celebración del Juicio en Causa Criminal.—Cuando el juicio señalado para celebrarse dentro del término de 120 días a que se refiere el No. 2 del artículo 448 del Código de Enjuiciamiento Criminal es suspendido a petición del acusado y se celebra después de transcurrido dicho término, el acusado no tiene derecho al sobreseimiento.

Palabras Libelosas.—En este caso se imputó al acusado haber publicado en una hoja impresa, entre otros, los siguientes conceptos: "* * * dos infelices trabajadores también fueron víctimas del horroroso masacre perpetrado por los *héroes* al servicio de los intereses protegidos por el Gobernador" y "* * * que el Gobernador permite que sus esbirros realicen su obra de exterminio, en un pueblo indefenso" y "una vez más la tiranía capitalista cuenta con el apoyo decidido del Gobernador y las víctimas proletarias son empujadas al suicidio, al masacre policiaco, torturadas, aniquiladas sin conmiseración. El Gobernador ha ofrecido y le ha dado su protección a las compañías navieras y a la Cámara de Comercio para que puedan reducir a la impotencia a los trabajadores en huelga. Desde ese momento la conjura en contra de la huelga adquirió suficiente arrogancia y como consecuencia final, ahí están humeantes las huellas de crímenes horrendos." *Se resolvió:* que los párrafos transcritos imputan actos al Gobernador de esta isla que tienden a impugnar su integridad y honradez exponiéndolo al desprecio público.

LIBELO—DENUNCIA SUFICIENTE—ALEGACIONES.—No es necesario que en una acusación se inserte todo el impreso, libro o periódico en que se halle la materia libelosa; basta que se inserte aquella parte que sirve de base a la acusación.

PALABRAS LIBELOSAS—ALEGACIÓN.—El Pueblo no está obligado a alegar ni a probar que las palabras libelosas habían sido declaradas tales por alguna sentencia judicial.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. F. Cervoni Gely* y *Antonio Trujillo.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Según la exposición del caso, el acusado, apelante ahora, solicitó el archivo de la causa por no aparecer que se hubiera expedido mandamiento de arresto; petición que fué negada y cuya resolución se alega ser errónea.

Si bien el artículo 145 del Código de Enjuiciamiento Criminal, según se publicó en el año 1902, disponía que el tribunal desestimara la acusación a instancia del acusado, entre otros casos, cuando el delito denunciado fuera menos grave (*misdemeanor*) y antes de formularse la acusación no hubiera un juez de paz ordenado la prisión del acusado, sin embargo, al ser enmendado este artículo por la ley de 30 de mayo de 1904, que aparece en el tomo de leyes de 1905, página 16, quedó suprimido ese motivo de desestimación.

También solicitó el acusado el sobreseimiento de la causa fundándose en el artículo 448, No. 2, del Código de Enjuiciamiento Criminal por haber transcurrido más de ciento veinte días entre la presentación de dicha acusación y la celebración del juicio.

La acusación fué presentada el 28 de mayo y en 4 de junio siguiente solicitó el acusado la suspensión del juicio, que luego se celebró el 22 de octubre.

No cometió error la corte inferior al negar el sobreseimiento solicitado porque el juicio fué señalado para cele-

brarse dentro de los ciento veinte días a que se refiere el
No. 2º. del artículo 448 citado; y si no se celebró durante
ese período de tiempo fué por la suspensión que solicitó el
acusado.

El no llevar a juicio a un acusado de un delito durante
el tiempo fijado por la ley no le da derecho a ser absuelto
si dicha demora es causada por el propio acusado, por culpa
suya o con su consentimiento. En tal caso no puede él sos-
tener que se le ha negado un juicio rápido. *In Re Begerow*,
85 Am. St. Rep. 178. De sus notas en la página 195 son
las siguientes citas: *Ex parte Cox*, 12 Texas App. 665;
*McGuire* v. *Wallace*, 109 Ind. 284, 10 N. E. 111; *People* v.
*Matson*, 129 Ill. 591, 22 N. E. 456; *State* v. *Billings*, 140 Mo.
193, 202, 41 S. W. 778; *People* v. *Cline*, 74 Cal. 575, 16
Pac. 391.

La tercera cuestión suscitada por el apelante es que la
corte inferior cometió error al negar su excepción a la acu-
sación fundada en que los hechos expuestos en ella no cons-
tituyen delito público.

Hemos leído los párrafos que inserta la acusación del
impreso que según ella hacía circular el acusado. No trans-
cribiremos aquí íntegramente esos párrafos pero diremos
que su contenido es de tal naturaleza que en verdad se im-
putan actos al Hon. Gobernador de esta isla que tienden a
impugnar su integridad y honradez exponiéndolo al despre-
cio público, porque relatando ciertos sucesos acaecidos, se-
gún el impreso, en el barrio de Puerta de Tierra de esta
ciudad el día 23 de marzo de 1917 de los que se dice que
resultaron muertos un hombre y una mujer y que "dos infe-
lices trabajadores también fueron víctimas del horroroso ma-
sacre perpetrado por los *héroes* al servicio de los intereses
protegidos por el Gobernador", dice "que el Gobernador
permite que sus esbirros realicen su obra de exterminio, en
un pueblo indefenso" y que "una vez más la tiranía capi-

talista cuenta con el apoyo decidido del Gobernador y las víctimas proletarias son empujadas al suicidio, al masacre policiaco, torturadas, aniquiladas sin conmiseración.—El Gobernador ha ofrecido y le ha dado su protección a las compañías navieras y a la Cámara de Comercio para que puedan reducir a la impotencia a los trabajadores en huelga. Desde ese momento la conjura en contra de la huelga adquirió suficiente arrogancia y como consecuencia final, ahí están humeantes las huellas de crímenes horrendos.'' *El Pueblo* v. *Colberg*, 24 D. P. R. 673.

Sostiene también el apelante que la denuncia no es suficiente porque no se sabe si se insertó en ella todo el impreso o parte de él.

No es necesario que en una acusación se inserte todo el impreso, libro o periódico en que se halle alguna materia libelosa, bastando aquello que sirve de base a la acusación. *State* v. *Barnes*, 32 Ma. 530; 25 Cyc. 518; *United States* v. *Callendar*, Fed. Cas. No. 14,709, 32 Am. Digest 2,468; *Commonwealth* v. *Wright*, 55 Mass. (1 Cush) 46; 32 Am. Digest 2,468.

Por último se probó por medio del testigo Serafín Díaz que el acusado le entregó y repartió la hoja impresa conteniendo el libelo objeto de esta acusación y no necesitaba probar la acusación, como parece ser la teoría de la defensa del acusado, que había alguna sentencia judicial declarando ser constitutivas de libelo las palabras insertas en dicha hoja impresa.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.