# CASES DETERMINED

## BY THE

# SUPREME COURT

### OF THE

# STATE OF MISSOURI,

### AT THE

## APRIL TERM, 1893.

---

### THE STATE v. MARSHALL, *Appellant.*

### Division One, May 2, 1893.

1. **Criminal Practice**: CONTINUANCES: LACHES OF STATE: DISCHARGE OF DEFENDANT: STATUTE. Revised Statutes, 1889, section 4223, which provides that "if any person indicted for any offense and held to answer on bail shall not be brought to trial before the end of the third term of the court in which the case is pending, which shall be held after such indictment found, he shall be entitled to be discharged, so far as relates to such offense, unless the delay happened on his application or is occasioned by the want of time to try the cause at such third term," was intended to operate only when there are some laches on the part of the state.

2. ———: ———: ———: ———: ———. It cannot be invoked where the continuances were made by the court of its own motion.

3. ———: ———: ———: ———: ———. A continuance, in the absence of any proof to the contrary, will be presumed to have been granted on some of the statutory grounds.

4. ———: FLIGHT OF ACCUSED: INSTRUCTION. An instruction on a trial for felonious shooting which tells the jury that, "if they believe from the evidence that immediately after the shooting the defendant fled from the country, then the jury may take such fact into consideration in arriving at his guilt," is erroneous in that it ignores any intent to avoid arrest on defendant's part in leaving the country.

(383)

*Appeal from Ozark Circuit Court.*—HON. A. H. LIVINGSTON, Special Judge.

REVERSED AND REMANDED.

*Olden & Orr* for appellant.

(1) The defendant, not having been brought to trial before the end of the third term after the finding of the indictment, and the delay not being on his application or for want of time to try the case, was entitled to his discharge. Revised Statutes, 1889, sec. 4223. (2) Where there is evidence explaining the flight, and tending to show that it was not from a consciousness of guilt, further instructions should be given. *State v. King*, 78 Mo. 555; *State v. Walker*, 98 Mo. 108. (3) The seventh instruction, given on the part of the state, is subject to the further objection that it is too abstract, and is not supported by substantial evidence. (4) Instruction number 2, given on part of the state, is too general, in that it omits the elements that the shooting was intentional, and in a vital part. *State v. McKinzie*, 102 Mo. 603. (5) There was no evidence from which the venue could reasonably have been inferred. *State v. Young*, 99 Mo. 284. (6) Instruction number 1, given on the part of the state, is erroneous, in that it uses the words "willfully," "feloniously," "on purpose and of malice aforethought" without defining them in that or any other instruction, and misdirects the jury as to the minimum punishment. *State v. Johnson*, 111 Mo. 578; *State v. Hayes*, 105 Mo. 76. (7) Instruction number 3, given on part of the state, does not properly define the words "on purpose and of malice aforethought." *State v. Curtis*, 70 Mo. 598, and authorities cited. (8) There was no substantial evidence to sup-

port the verdict. *State v. Ballard,* 104 Mo. 637; *State v. Turner,* 110 Mo. 196.

*R. F. Walker,* Attorney General, for the state.

(1) It is true that defendant was not tried until the fourth term of the court after he was indicted, but it is not true that this was because of laches or want of diligence on the part of the state. The cause was continued twice only by the state. It was therefore proper that defendant's motion for discharge be over-ruled. Revised Statutes, 1889, sec. 4223; *State v. Cox,* 65 Mo. 29. (2) Instruction number 7, which told the jury, that if, "immediately after the shooting, the defendant fled the country, then the jury may take such fact into consideration in arriving at his guilt," correctly declared the law. There was no testimony upon which to base any other instruction. Defendant testifies, not explaining his flight, but to an absolute *alibi.* If his testimony is to be believed, there was no flight to be explained, but an absence from the county in which the assault was made at the time of its commission. *State v. Walker,* 98 Mo. 95. (3) The evidence on the part of the state established the presence of defendant at the shooting and his flight immediately thereafter, and upon this theory the court properly gave the seventh instruction. *State v. Walker,* 98 Mo. 95. (4) Instruction number 2 simply declared that the intent was to be presumed if the jury believed that defendant willfully shot the prosecuting witness with a gun. Under the evidence in this case no presumption could be indulged except the intent of defendant to kill. *State v. Musick,* 101 Mo. 260; *State v. Schloss,* 93 Mo. 361; *State v. Doyle,* 107 Mo. 36. (5) The venue was sufficiently proved. The testimony of McCourtney and Miller fixed it in Ozark county, Missouri, on the land

of the prosecuting witness. Even though not proved by direct or positive testimony, the jury under the evidence in this case were authorized to infer venue. *State v. Sanders*, 106 Mo. 188. (6) It was unnecessary to define "willfully" and "feloniously." *State v. Snell*, 78 Mo. 242; *State v. Harkins*, 100 Mo. 666; *State v. Doyle*, 107 Mo. 36. "On purpose" and "of malice aforethought" were correctly defined in the third instruction for the state. (7) Instruction number 3 defines the words "on purpose and of malice aforethought" to mean "the intentional doing of a wrongful act without just cause or excuse, or, as in this case, an unlawful intention to kill." This is sufficient. *State v. Weiners*, 66 Mo. 14. (8) When the evidence justifies the trial court in submitting the case to the jury, and the jury have upon the evidence found the defendant guilty, this court will not interfere to disturb the verdict, unless it clearly appears that the jury acted from prejudice or passion. *State v. Musick*, 71 Mo. 401; *State v. Gann*, 72 Mo. 374; *State v. Hammond*, 77 Mo. 158; *State v. Hicks*, 92 Mo. 432; *State v. Lowe*, 93 Mo. 547.

BURGESS, J.—At the April term, 1890, of the Ozark circuit court, the defendant was indicted for feloniously, willfully, on purpose and of his malice aforethought, shooting one John McCourtney with a rifle gun with intent to kill.

At the October term, 1890, and again at the April term, 1891, the cause was continued by the state.

The evidence shows that on the tenth day of January, 1890, while J. C. Miller and John McCourtney were sawing logs in Ozark county, Missouri, McCourtney was shot from ambush. Miller testified that he saw defendant running away from the smoke of the rifle. About the time of the shooting defendant left the

neighborhood, was gone about three and one half months, when he returned and gave himself up to the sheriff. It was shown by one witness that defendant had stated before the shooting that if any man took his claim it would never do him any good. At the time McCourtney was shot he and Miller were sawing on a board tree which the evidence tends to show was on defendant's claim. Defendant undertook to account for his disappearance about the time of the shooting, but he is not corroborated in any of his statements in this regard by any other witness. He established a good character for being a peaceful and law-abiding citizen.

Upon the trial defendant was found guilty and his punishment assessed at three years imprisonment in the penitentiary. After unsuccessful motions for new trial and in arrest defendant appeals.

I. It is contended that as defendant was not brought to trial before the end of the third term after the finding of the indictment, and the delay not being on his application, or for want of time to try the case, he was entitled to his discharge. After defendant's arrest he gave bond for his appearance at the next term of the circuit court of Ozark county, which was renewed from time to time until the case was finally tried. Section 4223, Revised Statutes, 1889, provides that, "If any person indicted for any offense, and held to answer on bail, should not be brought to trial before the end of the third term of the court in which the case is pending which shall be held after such indictment found, he shall be entitled to be discharged, so far as relates to such offense, unless the delay happened on his application or be occasioned by the want of time to try such cause at such third term."

In the case of State v. Huting, 21 Mo. 464, this court in passing upon a similar motion held, "That the

statute was intended to operate only when there is some laches on the part of the state." In the case at bar the last and third continuance was by the court of its own motion, and it cannot be said that the state was in any manner responsible for this continuance or that laches can be attributed to it on account thereof.

In the absence of proof to the contrary it must be presumed that the continuance was ordered on some one of the grounds provided for by statute, for instance, the want of time to try the cause at that term. Every reasonable presumption must be indulged in favor of the action of the trial court, and nothing appearing to overcome such presumption in this case we conclude that the court properly overruled the motion for defendant's discharge.

II. The court instructed the jury that, "if they believed from the evidence that immediately after the shooting the defendant fled from the country, then the jury may take such fact into consideration in arriving at his guilt." This instruction is not in line with the rulings of this court. Unless the defendant fled from the country to avoid arrest, the fact that he did leave is no evidence of his guilt, and as the instruction ignores the defendant's intention and purpose in leaving the country it was not authorized by the authorities on the subject. *State v. Baker*, 19 St. Rep. 22; *State v. Brooks*, 92 Mo. 542; *State v. King*, 78 Mo. 555; *State v. Walker*, 98 Mo. 95.

For the errors herein indicated, which we regard as material, the judgment is reversed and the cause remanded. All concur.