STATE of Missouri, Plaintiff-Respondent,

v.

William L. BARLISH, Defendant-Appellant.

No. 24559.

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 1967.

Application for Transfer Denied Jan. 8, 1968.

Ronald L. Somerville, Chillicothe, for appellant.

Frank Conley, Pros. Atty., Boone Co., Richard Blanck, Jr., Pros. Atty., Cooper Co., Columbia, for respondent.

SPERRY, Commissioner.

During the April, 1963, term of circuit court, the state charged defendant with the crime of forcible rape, in Boone County. On February 10, 1964, defendant filed motion for change of venue. On January 13, 1966, he was tried to a jury and convicted of common assault, in Cooper County. In accordance with the verdict he was, on February 23, 1966, sentenced to serve a term of six months in the county jail and to pay a fine of $100.00. Defendant appeals.

His sole asserted grounds for reversal is that he should have been discharged under the provisions of Sec. 545.900, RSMo 1959, V.A.M.S., on his motion therefor, filed on October 18, 1965, for the failure of the state to try him before the passing of four terms of circuit court, in Cooper County, Mo., after the filing of the complaint against him. On February 23, 1966, following his conviction, he filed a motion to set aside the verdict and discharge him for the reason that the court lacked jurisdiction to try him. This motion was overruled and sentence was imposed.

Upon the specific, written request of defendant, prepared by his counsel on counsel's stationery, duly filed and appearing in the transcript, our review will be limited to the legality of the court's action in overruling defendant's motion for discharge under the provisions of Sec. 545.900, supra.

The statutes involved are set out below:

"SECTION 545.900. DEFENDANT ON BAIL—DISCHARGE IF NOT TRIED BEFORE END OF THIRD TERM.—If any person indicted for any offense, and held to answer on bail, shall not be brought to trial before the end of the *third term* of the court in which the cause is pending which shall be held after such *indictment found*, he shall be entitled to be discharged, so far as relates to such offense, unless the delay happened on his application, or be occasioned by the want of time to try such cause at such third term". (Emphasis ours).

SECTION 545.020. WHEN DEFENDANT NOT ENTITLED TO DISCHARGE.—*In all cities or counties* in this state *in which there shall be more than two regular terms of the court having jurisdiction in criminal cases,* the defendant shall not be entitled to be discharged for the reasons and under the circumstances mentioned in section 545.-890 until the end of the third term after the indictment was found, *and under the circumstances mentioned in section 545.-900, the defendant shall not be entitled to be discharged until the end of the fourth term after the indictment was found,* and in either case the matter of discharge shall, at the end of such third and fourth terms, be governed by the provisions of section 545.910". (Emphasis ours).

Sec. 545.900 appears in Vol. 1 RSMo 1879, page 321, in substantially its present form. It came into the law prior to 1840. State v. Wear, 145 Mo. 162, 46 S.W. 1099. In the early case of State v. Huting, (1855) 21 Mo. 464, it was ruled that the statute was intended to operate only when there is some laches on the part of the state but, if the trial is delayed through no fault of the state, this will not be grounds for discharge. In this case, under the statute, the time limit to bring a defendant to trial is the fourth term after the indictment is found, provided defendant, by some act of his own, has not tolled or extended the time; but the

term at which the indictment is found is not counted. State ex rel. Stevens v. Wurdeman, 295 Mo. 566, 249 S.W. 189, 193. Any delay in the trial due to the action of defendant will not be counted and, if defendant consents to a continuance, the term at which such action is taken is not counted. Where a continuance is ordered by the court it is presumed that the state is in no manner responsible for the delay of the trial, State v. Pierson, 343 Mo. 841, 123 S.W.2d 149, 151; and, in such case, the term at which such continuance was ordered will not be counted in computing the number of terms elapsing.

On November 29, 1965, in Cooper County, the court heard, considered, and ruled the motion for discharge. Counsel for the state announced ready. Defendant was asked if he was represented by counsel on the motion, to which he answered that Mr. Stegner, who was present, would represent him as counsel. The court addressed Mr. Stegner, who replied that: "The docket entry speaks for itself". The court stated that defendant should introduce the docket.

The transcript shows that the information herein was filed in Boone County June 15, 1963. Boone County has four terms of circuit court each year as follows: the first Monday in January; the first Monday in April; the third Monday in June; and the first Monday in October. Sec. 478.240, RSMo 1959, V.A.M.S. The calendar for 1963 indicates that the April term began April 1st and ended June 16th. Therefore, the charge was filed during the April term, which is not to be counted for the purpose of determining the question here presented.

The June term began on June 17 and, according to the court record, defendant was arraigned on that date. The transcript shows that *no other action* was taken during the June term, no date was set for the trial. The October term began October 7, 1963, and ended January 5, 1964. The record shows that on the first day of the October term the case was set for trial on February 18, 1964, which would be during the January

term. Such action, taken by the trial judge, will be held to indicate that, because of the lack of time, the case could not sooner be heard. Failure to offer defendant a trial during the October term will not be counted under the statute. On February 13, 1964, the court granted defendant's application for a change of venue, and transferred the case to Cooper County. Therefore, the state's failure to offer defendant an opportunity for trial during the January term is not to be considered here.

The transcript arrived in Cooper County on February 20, 1964. Cooper County has three regular terms of court annually, as follows: first Mondays of March and June, and the third Monday in October. Sec. 478.253, RSMo 1959, V.A.M.S. The 1964 calendar indicates that the first Monday in March was the 2d day of the month; the first Monday in June was the 1st day of the month; and the third Monday in October was the 19th. Therefore, the case reached Cooper County during the October 1963 term. We will not count that term in this computation. A part of the term had passed before the case was lodged in that court.

The record does not reflect any action of any kind with respect to the setting of a trial date, or ordering a continuance, during the March or June 1964 term; it is completely silent as to any action taken in the October term, 1964. The March term of 1965 began March 1st. The record before us is silent as to any action, of any kind, taken during that term, except the granting of a motion to reduce defendant's bond to $6,000.00. The June 1965 term began on June 7, and the October term began on October 18. On September 17 defendant filed a request to take depositions upon written interrogatories. On October 5, during the June term, defendant's attorney of record filed motion for examination of defendant for mental disease and an application for continuance based on time required for mental examination. On October 11th a hearing was had on these motions. Mr. Conley, prosecuting attorney of Boone County, and Mr. Blanck, prosecuting attor-

ney of Cooper County, were present representing the state. Mr. Stegner was present as attorney for defendant. It was disclosed by defendant that he had discharged his former attorney on the day following the filing of these motions, and that said attorney no longer represented him, although he was present in court. Mr. Stegner was defendant's only attorney. The state insisted that a trial date be set. The court said: "I agree with you Mr. Conley. I will say this for Mr. Barlish; the delay in coming to trial has not been his fault. He has contacted me. He objected to the case being continued. So whatever the delay, up to date, it has not been defendant's fault". Under the same date the record shows that defendant, personally, asked that the motion for mental examination be withdrawn, stating that he was not crazy; that defendant requested a continuance in order to prepare for trial; that, without objection. the state indorsed sixteen names on the information; that the cause was set for trial on January 12, 1966. Therefore, the continuance during the June 1965 term will not be counted here.

On October 18, 1965, the first day of that term defendant filed motion for discharge under the above mentioned statute. On November 29, 1965, the court announced that the motion would be heard and considered. Mr. Stegner represented defendant, who was also present in court. The court heard the parties, rather informally. Counsel for the state, Mr. Blanck and Mr. Conley, made statements explanatory of the failure of the state to try the case at various terms, the court record being completely silent on the subject. At the conclusion of the hearing the court announced that defendant had failed to show that four terms had passed due to the state's laches. The court asked Mr. Stegner if he could "see that", to which Mr. Stegner replied that he could, and stated to the court that he thought the motion should be overruled. The court overruled the motion.

■ On December 17, 1965, defendant filed "objection" to the action of the court in overruling his motion for discharge. On January 10, 1966, the court called this motion for hearing. Defendant was present in court, represented by his attorney, Mr. Harlan. The state was represented by Mr. Blanck and Mr. Conley. The court stated to Mr. Harlan: "I am willing to open the thing up and do it again if you so desire". Mr. Harlan said: "Yes sir". Counsel for both parties then agreed that the change of venue, granted in Boone County, had the effect of wiping out all occurrences in that County and that the hearing would be limited to what happened in Cooper County. Mr. Harlan based his agreement to that effect on the decision in State v. Farrar, 206 Mo.App. 339, 227 S.W. 1078. We neither approve nor disapprove of that conclusion. It is not necessary for us to discuss, further than we have already stated, what occurred in Boone County in order to rule this appeal. This for the reason that defendant here contends that four terms had passed while the case pended in Cooper County; that the state, not the defendant was responsible therefor. In any event we have examined all of the events that transpired in Boone County and have concluded that they would not require us to change our conclusion in this case. However, we find from the record, that the June 1965 term in Cooper County passed without the case being tried because defendant had discharged his counsel and employed another; that he, in open court requested a continuance in order to prepare for trial; and that the state, in open court, announced ready for trial. That continuance was granted upon the request of defendant, after the state had announced "ready". It cannot be counted as one for which the state is responsible in this proceeding.

■ However, four terms passed without a trial being had after the case reached Cooper County. The record is silent in all four instances. It even fails to recite that the case was continued. The court, over defendant's objection, heard oral testimony as to the reason why the case was not tried. Defendant complains of that action. In

State ex rel. Stevens v. Wurdeman, supra, the court ruled a similar action for discharge on pleaded facts which were not of prior court record, but which were admitted by the pleadings to be true. We think that case is authority for hearing oral testimony where the record is silent or ambiguous.

Mr. Bear, attorney for defendant at his preliminary hearing, at the time he was arraigned in Cooper County, and until his discharge by defendant when Mr. Stegner was employed, testified to the effect that the Barlish case was set for a trial date in September, 1964; that, a week prior thereto Bear and attorneys for the state agreed that the case be continued and that it be set for trial at a later date; that he agreed that the case be set for trial during the month of May 1965; that, because Circuit Judge Hayes was unable to try the case at the time set because he wanted to attend Judicial Conference, witness agreed to a resetting of the case; that attorneys agreed to confer together with the court, and set the case for trial; that witness was unable to attend that conference because he was required to be in another court at that time; that, in October of 1965, witness filed an application for a continuance of the case, together with an application for mental examination of defendant; that, on the date these matters were to be heard, Mr. Bear was discharged as attorney by defendant, about October 11, 1965.

Mr. Conley was prosecuting attorney of Boone County at all times pertinent to this case. He testified to the effect that defendant was arraigned in Boone County at the June term, 1963; that the case was set for trial on the first day of the October term, 1963; that a change of venue was granted on defendant's application; that it was set for trial in Cooper County for September 15, 1964, during the June term; that, a week prior to trial date, this witness and Mr. Bear agreed to a continuance because of the absence from the state of a material state witness; that the judge agreed to reset the case; that it was reset for May 20th, during the March term, 1965, the first trial date

that the judge could offer; that the case was continued, prior to May 20th, because of the judge's attendance at Judicial conference, and his inability to hear it; that, during the June term, the case was reset for trial on October 11th and 12th, 1965; that defendant filed application for continuance, which was granted.

■ The above evidence does not tend to contradict the record in any manner. Defendant offered no contradictory evidence. All of the testimony tends to clarify the record, which is silent. This testimony was sufficient to support the order of the trial court overruling the motion to dismiss.

Furthermore, in State v. Haines, 160 Mo. 555, 61 S.W. 621, 624, the court said:

" * * *. Moreover, it appears that only one continuance was granted on the application of the state, and it must now be considered as settled law in this state that in the construction of these sections providing for a discharge that they 'were intended to operate only when there is some laches on the part of the state.' State v. Huting, 21 Mo. 464; State v. Marshall, 115 Mo. 383, 22 S.W. 452; State v. Billings, 140 Mo. 193, 41 S.W. 778. Continuances ordered by the court of its own motion, for want of time to try a case, or mistrials of the case, have never been held to authorize a discharge. *The silence of the record at the April term is the only circumstance upon which the defendant could have based his motion for discharge, but, as was said in State v. Marshall, 115 Mo. 388, 22 S.W. 452, in the absence of proof to the contrary, it must be presumed that the case was continued for want of time to try it.* * * * ". (emphasis ours).

In State v. Nelson, Mo.Sup., 279 S.W. 401, the court approved its ruling in the Haines case, and said: "Mindful of the rights of the accused, and also of those of the public, this court has held that, in considering whether a defendant is entitled to a discharge under these statutes, *the bar cannot be invoked where the continuances were*

*made by the court on its own motion; and, if the phrase 'on its own motion' were not a sufficient statement of the reason for same, the presumption would nevertheless obtain that the state was in no manner responsible for the delay in the trial thus occasioned. State v. Marshall, 115 Mo. 383, 22 S.W. 452. Likewise, when a record shows a continuance, in the absence of any proof to the contrary, it will be presumed to have been granted on the grounds authorized by the statute. State v. Haines, 160 Mo. 555, 61 S.W. 621.* Inability of a court to try a case, not alone on account of a 'want of time' as stated in the statute, but for other equally substantial reasons, such as the illness of the judge or the failure of a jury to agree at the last term prescribed in the statute, will not authorize a discharge; nor is a special called term, which makes no mention of the case against the accused, to be counted as one of the terms specified in the statute. State v. Huting, 21 Mo. 464. By parity of reasoning, a continuance by the parties or on the application of the state with the consent of the accused will toll the statute. If otherwise construed, the bar of the statute would not be based upon the laches of the state, as was contemplated in its enactment, but upon an agreement between the parties, thus enabling the accused to create the bar as an escape from prosecution. * * *". (Emphasis ours). Also see Osborne v. Owsley, Mo. App., 259 S.W.2d 129, 132; State v. Marshall, 115 Mo. 383, 22 S. W. 452, 453; State v. Cox, 65 Mo. 29, 31.

We conclude that where a continuance is granted upon the defendant's application, or because of some other action on his part, or upon the order of the court, not requested by the state, the same will not be a ground for discharge under the statute. Where a case is not tried at one or more terms, and the record is completely silent as to the reason why it was not tried, it is presumed, in the absence of proof to the contrary, that the failure of the state to try the case during such term, or terms, was not due to laches on the part of the state.

After the motion herein was overruled a trial was had. Defendant was convicted and sentenced. He was granted an appeal to this court as a pauper. He was admitted to bail. This court requested the Hon. Ronald L. Somerville, of Chillicothe, Mo., to represent defendant on this appeal. He has performed his duties well, "beyond the call of duty" if, indeed, that expression may ever be used in reference to an attorney's obligation to his client. In any event, we commend Mr. Somerville for devotion of his time and skill in this case, gratuitously, in the best tradition of the bar of Missouri during its long history.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:
The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. All concur.