STATE of Missouri, Respondent,

v.

David Louis MORTON, Appellant.

No. 53759.

Supreme Court of Missouri, Division No. 1.

July 14, 1969.

Springfield Baldwin, St. Louis, Court appointed for defendant-appellant.

Norman Anderson, Atty. Gen., of Missouri, Ben Ely, Jr. Special Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STORCKMAN, Judge.

The defendant David Louis Morton was charged by indictment with the offense of first-degree robbery with a dangerous and deadly weapon and was found guilty by a jury. The court found the defendant had been convicted, sentenced and imprisoned for the commission of prior felonies as pleaded in the indictment and sentenced him to twenty-three years in the custody of the Department of Corrections. The defendant was credited with the time spent in jail prior to conviction. He was permitted to appeal as an indigent and is represented here by the same court-appointed counsel that represented him at the trial. On appeal he makes eight assignments of error with several subdivisions.

About 11 a. m., January 22, 1967, the K & G Market, 5101 St. Louis Avenue in the City of St. Louis was robbed of $500 by two men, one of whom was identified at the trial as the defendant. The defendant's companion displayed a gun which was used to put the owner and others in fear. Prior to announcing the robbery, the defendant looked at various articles in the store, pretended to shop and placed some articles of merchandise in a shopping basket. After the store was comparatively clear of customers, the defendant went behind the counter and took the money. After the robbers left, the police were called and among other things they investigated the articles which the defendant had placed in the basket. Fingerprints found on a box of cake mix were compared and found to be those of the defendant. When arrested the defendant stated to police officers that he had not been in the store for more than a year. The defendant did not testify but adduced evidence by other witnesses tending to prove an alibi and that he had been in the store in December 1966 and had handled merchandise.

The defendant does not directly challenge the sufficiency of the evidence but asserts that he was entitled to a directed verdict because reasonable men might reasonably differ as to whether the defendant was guilty or innocent and that there was a reasonable doubt as to his innocence as a matter of law on the entire record. These assertions are more in the nature of an attack on the weight of the evidence which were questions for the jury. As stated, there was direct evidence identifying the defendant as one of the robbers and his fingerprints were found on an item of merchandise which he had handled according to the state's evidence. The evidence is substantial and clearly sufficient to support the verdict of guilty. The trial court did not err in refusing to direct a verdict of acquittal.

■ Several points of the defendant's brief on appeal pertain to his claim that he is entitled to be discharged because he was not tried within the time provided by the rules of this court and the statutes of the state. Some of the points are overlapping and redundant. First he says that he was not tried within the time required by S.Ct. Rule 25.01, V.A.M.R., and § 545.780, RSMo 1959, V.A.M.S. The rule is a rescript of the statute. The rule and the statute provide that all indictments and informations shall be tried at the term at which the indictment is found or the information is filed, if the defendant is in custody or appears as such term, or at the first term at which the defendant appears, *unless the same be continued for cause*. This rule and statute and other related rules and statutes must be considered and construed together. State v. Malone, Mo., 301 S.W.2d 750, 755 [1].

■ Four other statutes, §§ 545.890 through 545.920 prescribe the standards under which a defendant is entitled to be discharged if he is not brought to trial in the time and manner therein provided. They are in the nature of special statutes of limitation and have no counterpart in the supreme court rules. A judgment of discharge pursuant to these statutes operates as an acquittal, may be pleaded in bar of another prosecution and cannot be appealed by the state. State v. Wear, 145 Mo. 162, 46 S.W. 1099, 1105. These statutes in effect limit the number of continuances that may be granted the state "for cause" under § 545.780 and Rule 25.01.

Section 545.890 provides in substance that if a person under indictment and in custody shall not be brought to trial before the end of the second term after the indictment is found, he shall be entitled to be discharged unless the delay shall happen on the application of the prisoner or shall be occasioned by want of time to try the cause at such second term. Section 545.920 provides that in cities or counties in which there shall be more than two regular terms of the court having jurisdiction of criminal cases, the defendant shall not be entitled to be discharged for the reasons and under the circumstances mentioned in § 545.890 until the end of the third term after the indictment was found, and under the circumstances mentioned in § 545.900 the defendant shall not be discharged until the end of the fourth term after the indictment was found, and in either case the matter of discharge shall at the end of such third and fourth terms be governed by the provisions of § 545.910. Section 545.900 provides for three terms instead of two before discharge if the defendant is on bail. Section 545.910 permits the court to grant an additional term before discharge if it shall be satisfied that the state has been diligent and there is material evidence which the state can produce at a succeeding term.

■ The defendant was in custody when the indictment was returned and the City of St. Louis has five regular terms of court. Sec. 478.263. Therefore, § 545.920 is applicable and the defendant was entitled to be discharged at the end of the third term if the trial was not delayed on the defendant's application or by want of time to try the cause. State v. Malone, Mo., 301 S.W.2d 750, 755[4]; State v. Newstead, Mo., 280 S.W.2d 6, 10[9], cert. den. 351 U.S. 956, 76 S.Ct. 857, 100 L.Ed. 1479.

■■ The term at which the indictment or information is filed is properly excluded in computing the time in which the defendant must be brought to trial under §§ 545.-890–545.920. State v. Malone, Mo., 301 S.W.2d 750, 755[3]; State v. Newstead, Mo., 280 S.W.2d 6, 10[9], cert. den. 351 U.S. 956, 76 S.Ct. 857, 100 L.Ed. 1479; State ex rel. Stevens v. Wurdeman, 295 Mo. 566, 246 S.W. 189, 192–193[1]; State v. Wigger, 196 Mo. 90, 94, 93 S.W. 390, 391. Furthermore, the resetting or continuance of a criminal case within a term or to an adjourned term is not a continuance within the purview of §§ 545.890–545.920 limiting the number of terms that the state has to bring a defendant to trial after the indictment or information is filed. State ex rel. Billings v. Rudolph, 322 Mo. 1163, 17 S.W.2d 932, 934[5]; State v. Farrar, 206 Mo.App. 339, 227 S.W. 1078, 1079[3].

■ S.Ct. Rule 25.01 and § 545.780 specifically authorize continuances "for cause" and do not purport to be a limitation of the criminal action. The time and manner in which continuances on behalf of the state will entitle the defendant to be discharged are provided by §§ 545.890–545.920. The trial court did not err in refusing to discharge the defendant because of the provisions of Rule 25.01 and § 545.-780. State v. Barlish, Mo.App., 421 S.W.2d 558, 559[2], 563[6, 7].

Our next inquiry is whether the defendant was brought to trial within the three terms allowed after the term at which he was indicted; in other words, whether he is entitled to the protection of the special statute of limitations provided by §§ 545.890

**424**

and 545.920. The five terms of the Circuit Court of the City of St. Louis begin on the first Mondays of February, April, June, and December, and on the second Monday of September. Sec. 478.263, RSMo 1959, V.A.M.S. In 1967, the terms began on February 6, April 3, June 5, September 11 and December 4.

The first indictment was filed March 9, 1967, during the February term. On March 16 the defendant appeared with counsel from the Public Defender Bureau and entered a plea of not guilty. The trial was set for April 17 which was at the April term. The defendant did not request a setting at the February term and made no objection to the April 17 setting. Shortly before the trial setting, the first court-appointed counsel was appointed to a state office and was permitted to withdraw. Present counsel was then appointed and the cause was reset for May 22 which was still within the April term. Counsel stresses these resettings within the term, but as previously indicated we are only concerned with the continuances from term to term. It is sufficient for our purpose that the cause was continued from the April to the June term on *behalf of the state*. The defendant made no objection as to the form of application at the time the order of continuance was entered. S.Ct. Rule 25.08 (b).

A trial which began on June 6 ended in a mistrial declared on motion of the defendant. The cause was then continued by the court to the September term "for want of time to try". On the setting of September 18 at the September term, the defendant announced ready for trial. The prosecution stated that the attorney assigned to prosecute the case had been injured in an automobile accident and could not be present until a couple of days later. When the court indicated the trial must proceed, the state entered a nolle prosequi. The defendant was re-indicted on October 17 at the September term. He was arraigned and the trial was set for December 11 at the December term on which date the trial was begun and prosecuted to a conclusion.

 The rule in Missouri is that when a nolle prosequi is entered in a criminal case and a new indictment or information is filed, the time which elapsed under the original indictment must be excluded in determining the prisoner's right to be discharged pursuant to §§ 545.890–545.920. State v. Schyhart, Mo., 199 S.W. 205, 210 [6]; State v. Wigger, 196 Mo. 90, 93 S.W. 390[1]; State v. Burlingame, 146 Mo. 207, 48 S.W. 72, 75[2]. However, we need not determine if the rule is applicable here because at best the state would be chargeable with only two continuances within the meaning of the statutes, that is, from the April and September terms. The February term at which the original indictment was found is not counted and the state is not chargeable with the continuance at the June term for want of time to try. The record does not support the defendant's contention that this continuance for want of time to try was not justified. State v. Nelson, Mo., 279 S.W. 401, 402[1–7]; State v. Barlish, Mo.App., 421 S.W.2d 558, 562[5]. Therefore, the defendant was tried within the three terms allowed by law and is not entitled to be discharged. State v. Keeny, Mo., 431 S.W.2d 95, 98[6]; State v. Barlish, Mo.App., 421 S.W.2d 558, 559–560[2].

 Further, the defendant contends apart from the rules and the statutes that he did not receive a speedy trial as contemplated by the constitutional provisions of this state and of the United States. The facts and circumstances in evidence do not support the contention. State v. Keeny, Mo., 431 S.W.2d 95, 98[8]; State v. Quinn, Mo., 405 S.W.2d 895, 898[5]; State v. Amerison, Mo., 399 S.W.2d 53, 54[2, 3]; State v. Malone, Mo., 301 S.W.2d 750, 755 [1]; State v. Hadley, Mo., 249 S.W.2d 857, 861–862[7]. "The guarantee of a speedy trial means that the defendant must be brought to trial within a reasonable time after he is charged with a crime by indictment or information. The prosecution will

not be permitted to break the resistance of the accused by keeping him in an indefinite state of harassment. Missouri has statutes which help effectuate the Constitution by providing that the defendant shall be discharged (acquitted) if he is not brought to trial before the end of a specified number of terms of court after he is charged by indictment or information, unless he causes the delay." 30–31 University of Kansas City Law Review at p. 124, Procedural Protection of the Individual Against the State, by Professor John Scurlock.

In support of his argument that the use of the nolle prosequi without "asking for a continuance in a proper way" was abusive and unfair, the defendant cites Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. A nolle prosequi under the North Carolina practice is similar to a general continuance and so unlike the effect of this procedure in Missouri that the decision is not controlling or persuasive in the present case. Nevertheless, the practice should not be encouraged.

■ The defendant also asserts that the trial court erred in not granting a judgment of acquittal because it failed to apply S.Ct. Rules 25.01 and 25.08 and thereby deprived the defendant of his liberty without due process of law, equal protection of the laws, and equality under the laws. The defendant cites the constitutional provisions but there is no specification of the respect in which the rights have been violated. We have considered and disposed of the defendant's contention regarding Rule 25.01. Rule 25.08 provides that continuances may be granted either party in a criminal case for good cause shown and that the court may postpone the trial on its own motion for good and sufficient reasons. The rule further directs the manner in which applications for continuances may be made. Failure to comply literally with the method of application provided does not invalidate a continuance ordered by the court. No violation of the defendant's rights has been shown and the contention is denied.

■ The defendant further claims that he was placed in a lineup without the presence of counsel, that this was a critical stage of the proceeding and, therefore, he was entitled to a judgment of acquittal. This contention has no support in the transcript or in the law. If a lineup occurred it was before June 12, 1967, when United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, was decided, and the defendant conceded in his motion for dismissal or discharge that the decision was not effective before that date. The contention is denied.

The defendant states he should be acquitted because the state had a duty to investigate the confession of Rollan Williams and did not do so. The point further avers that on the entire record that there was a reasonable doubt as to whether the defendant was guilty or innocent. Cited in this connection is State v. Johnson, Mo., 234 S.W. 794, which holds, inter alia, that the law does not require proof beyond doubt, but beyond reasonable doubt.

Rollan Williams, an eighteen-year-old nephew of the defendant, testified on behalf of defendant that he robbed the K & G Market on January 22, 1967, and that his companion in crime was not the defendant but a Michael Carter. The state brought out on cross-examination that the circuit attorney had talked to the witness the previous Thursday and that the witness was not cooperative at that time and had withheld certain information. The state sought to show that Williams was confined in the same jail with the defendant and in the same tier of cells. The cause of his incarceration was not shown. Williams testified he had not told the defendant that he had committed the crime until a month or two before the trial. The witness had been a patient at Malcolm Bliss Psychiatric Hospital for his "nerves" and "temperature". He said he got mad "real quick". No one had viewed him in connection with this robbery. There was nothing in the evidence that entitled the defendant to an acquittal as a matter of law. State v.

Reynolds, Mo., 422 S.W.2d 278, 283[5, 6]. The credibility of the witness was for the jury and the refusal of the jury to believe him is quite understandable on the whole record. The assignment is denied.

The defendant charges the court erred in sustaining the state's objection to the defendant's argument that the jury should be "morally certain and convinced of defendant's guilt before it could return a guilty verdict". He cites State v. Johnson, Mo., 234 S.W. 794, 796[5], and State v. Drake, Mo., 298 S.W.2d 374, 377 [8], which in substance state that a reasonable doubt exists if on consideration of all the evidence the jury is not morally certain of the defendant's guilt. The argument objected to, however, was not in that vein. Defendant's counsel was admonishing the jurors that before they voted guilty they should be "morally certain in your own mind that you are not going to be lying awake for the next thirty years * * * wondering if you have made a mistake." Where the ellipses appear, the state made an objection which was sustained after counsel completed his sentence. There was no motion to strike or to instruct the jury to disregard the argument and it was permitted to stand. Having completed his treatment of that subject, defendant's counsel went on to something else. Defendant's counsel had been permitted previously to refer to the jurors being morally certain of the evidence, the instructions and the verdict. No objection was made until counsel referred to the jurors lying awake for the next thirty years. A broad discretion is vested in the trial court in the matter of controlling argument of counsel. State v. McCulley, Mo., 327 S.W.2d 127, 131[6]. No prejudice is shown and the claim of error is denied. State v. Gray, Mo., 423 S.W.2d 776, 786[19].

Next the defendants asserts he was unable to prepare an adequate motion for new trial because a transcript of the record was not available to him and he was thereby deprived of a fair trial. It is rare indeed that a transcript is available in time to be of help in preparing a motion for a new trial in a criminal case or any other kind of a case. The work load of court reporters is such that appellate transcripts are seldom filed within the original ninety days after filing the notice of appeal as allowed by rule. Quite frequently the time for filing has to be extended both by the trial and appellate courts regardless of whether the transcript is being paid for by the state or the defendant personally. An extension of ninety days was granted in this particular case. As an aid to their memories, counsel as well as the court customarily take notes which are sufficient for the purpose of preparing a motion for new trial. Furthermore, the plain error rule is available in the trial and appellate courts to indigents and non-indigents alike. S.Ct. Rule 27.20(c). The contention is without merit. State v. Barrett, Mo., 406 S.W.2d 602, 604[6].

The defendant's final contention is that he is entitled to a new trial because counsel for the state accused defense counsel of calling police officers "liars" which "coupled with the many unduly prejudicial improper acts and arguments by the State, deprived defendant of a fair trial, as the reading of the entire record will reveal." No authorities are cited in support of this point. In written argument the defendant refers to a number of incidents which are without substance considered separately or collectively. We have read the entire record and our conclusion is that the defendant was fairly tried. Despite valiant efforts by court-appointed counsel to demonstrate the contrary, we find the defendant is not entitled to a judgment of acquittal or to a new trial.

Accordingly the judgment is affirmed.

SEILER, P. J. and HENLEY, Alternate Judge, concur.

HOLMAN, J., not sitting when cause was submitted.