David Louis **MORTON**, Movant-Appellant,

v.

**STATE of Missouri, Defendant-Respondent.**

No. 55834.

Supreme Court of Missouri,
Division No. 1.

June 28, 1971.

Kenneth W. Grattendick, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

HOUSER, Commissioner.

David Louis Morton, convicted of first degree robbery with a dangerous and deadly weapon, and sentenced to 23 years' imprisonment, appealed to this Court, which affirmed the conviction. State v. Morton, Mo.Sup., 444 S.W.2d 420. Morton petitioned the United States District Court, Eastern Division of Missouri, for a writ of habeas corpus, which was denied for the reason that Morton had not exhausted his state remedy under Criminal Rule 27.26, V.A.M.R. Morton then filed a motion to vacate and set aside the sentence under that rule; an attorney was appointed to conduct the 27.26 proceeding; an evidentiary hearing was held; the court overruled the motion, and Morton has appealed.

■ Appellant's first two points relate to the contention that he was effectively denied his right to a speedy trial under state and federal constitutional provisions. That same contention was specifically raised and ruled adversely to appellant on the original appeal. State v. Morton, supra, 444 S.W.2d, l.c. 424, 425[9, 10]. We refer to the opinion in that case for a full recital of the facts and circumstances, which were held not to support the contention, and the reasons for the decision. Appellant asks for reconsideration of the question. We adhere to our decision on this point in State v. Morton, supra, and decline to review it again. " * * * [A] motion under Rule 27.26 ordinarily cannot be used as a substitute for a second appeal. Rule 27.26(b) (3); White v. State, Mo., 430 S.W.2d 144, 146[2]." Caffey v. State, Mo.Sup., 441 S.W.2d 681, 682[2]; Gailes v. State, Mo.Sup., 454 S.W.2d 561.

■ Appellant's third point is that the court erred in not finding that he was de-nied equal protection of the laws under Amendment XIV of the Constitution of the United States "in that the laws of the State of Missouri specify a trial within fewer terms of court in rural areas than in urban areas," referring to §§ 545.890 and 545.920, RSMo 1969, V.A.M.S. Appellant's brief recites that he raised this issue "on the theory that he was tried in the City of St. Louis, an urban area where there are more than two terms of Court, and was thereby deprived of equal protection of the laws because a person tried in a rural area of low population and in a county with only two terms of Court would be entitled to a speedier trial." Appellant further states in his brief that his counsel is doubtful on this point, has been able to find no authority to support it, and presents it to the Court for adjudication so that disposition can be made of all grounds for relief asserted under Rule 27.26. The point is without merit. The number of continuances from term to term to be allowed before a prisoner shall be entitled to discharge is a matter within the discretion of the legislature. The number to be allowed might reasonably vary according to the number of cases to be tried in a term, and the volume of cases on the docket. In a highly populated city or county where the court dockets are congested and three or more terms of court are provided for, there would be more reason to allow three terms of court to expire before it would be considered that a prisoner awaiting disposition of his case had been deprived of a speedy trial than would be the case in a less densely populated area where only two terms of court are provided for, but where the dockets are not so crowded. "The Fourteenth Amendment to the Constitution of the United States does not prohibit legislation which is limited either in the objects to which it is directed, or by the territory within which it is to operate. It merely requires that all persons subjected to such legislation shall be treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed." Hayes v. Missouri,

120 U.S. 68, 71, 7 S.Ct. 350, 30 L.Ed. 578. In that case a Missouri statute provided that in capital cases in cities having a population of over 100,000 inhabitants the state shall be allowed 15 peremptory challenges to jurors, but that elsewhere in the state the state is allowed only 8 peremptory challenges. This was held not to deny to a person tried in the City of St. Louis equal protection of the laws; that "Allowing the state 15 peremptory challenges in capital cases, tried in cities containing a population of over 100,000 inhabitants, is simply providing against the difficulty of securing, in such cases, an impartial jury in cities of that size, which does not exist in other portions of the state. So far from defeating, it may furnish the necessary means of giving, that equal protection of its laws to all persons, which that amendment declares shall not be denied to any one within its jurisdiction." The rule applied in that case is sound and is still the law. Statutory classification, if based upon some reasonable ground or on some difference which bears a just relation to the attempted classification, does not constitute unconstitutional discrimination, provided those in the same class are treated with equality. State v. Terrell, Mo.Sup., 303 S. W.2d 26; Walters v. City of St. Louis, 364 Mo. 56, 259 S.W.2d 377, aff. 347 U.S. 231, 74 S.Ct. 505, 98 L.Ed. 660. In this case all persons within the same class and similarly situated are treated equally; and while persons in different classes are treated differently, there is a just and reasonable basis for the discrimination.

Judgment affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.